BENNO ERICHSON, Respondent, *v.* BOHUMIL W. SIDLO and EMIL V. VOSKA, Trading as the ARTISTIC MARBLE COMPANY, Appellants.

*New York Municipal Court — it cannot vacate its judgment because a material witness for the defeated party did not appear on the trial — it cannot grant a new trial on the ground of newly-discovered evidence.*

Chapter 748 of the Laws of 1896, which provides that a motion to " vacate or modify any judgment rendered upon a trial by the court without a jury, may be made for the causes specified in section nine hundred and ninety-nine of the Code of Civil Procedure," does not empower a justice of the Municipal Court of the city of New York to vacate a judgment rendered after a trial before such justice without a jury, because of the failure of one of the moving party's

material witnesses to appear at the trial, as section 999 of the Code of Civil Procedure does not authorize the setting aside of a verdict or judgment upon that ground.

*Semble,* that the vacating of a judgment for such a cause is equivalent to the granting of a new trial on the ground of newly-discovered evidence, and that a justice of the Municipal Court of the city of New York has no power to grant a new trial upon that ground.

APPEAL by the defendants, Bohumil W. Sidlo and another, trading as the Artistic Marble Company, from an order of the Municipal Court of the city of New York, borough of Queens, entered on the 14th day of March, 1902, setting aside a judgment theretofore entered in the action in favor of the defendants and granting a new trial.

*Robert Godson* and *Frank Pisek,* for the appellants.

*Charles B. Mason,* for the respondent.

WOODWARD, J.:

The action here involved was brought by the plaintiff to recover certain commissions alleged to be due him for contracts procured with third persons for the defendants. Upon the trial judgment was entered in favor of the defendants. Subsequently the plaintiff made a motion, based upon affidavits alleging that one of his witnesses had failed to appear at the trial, and that his evidence was material to meet the testimony of one of the defendants, to set aside the judgment and for a new trial, under the provisions of chapter 748 of the Laws of 1896 (amdg. Laws of 1882, chap. 410, § 1367). It is provided by the statute cited that a motion to " vacate or modify any judgment rendered upon a trial by the court without a jury, may be made for the causes specified in section nine hundred and ninety-nine of the Code of Civil Procedure," and it is provided that " notice of such motion of not less than five days nor more than eight days shall be given to the adverse party or his attorney, within five days after the rendition of the verdict, or the entry of the judgment," etc. We do not find in section 999 of the Code of Civil Procedure any provision for setting aside a verdict or judgment upon the grounds set forth in the affidavits attached to the motion papers, and it has been held that a justice of the Municipal Court has no power to grant a new trial

upon the ground of newly-discovered evidence (*Prager* v. *Borden's Condensed Milk Co.*, 34 Misc. Rep. 193, and authority cited), which is practically the basis on which the respondent asked for the order appealed from.

It appears that the plaintiff had the witness in court on the day previous to the trial, and it was apparent at the trial that the evidence of this witness was necessary, but no effort seems to have been made to postpone or adjourn the trial. Under such circumstances it can hardly be said that the plaintiff has been denied any rights, if he is not permitted to go back and try his action over again. He has had his day in court; he had an opportunity to have his witnesses present, and if he was surprised upon the trial, he might have taken steps to protect his rights. Having failed to do so, he cannot now be permitted to go outside of the provisions of the law and to secure a new trial at the expense of the rights of the defendants.

The order appealed from should be reversed, with costs.

All concurred.

Order of the Municipal Court reversed and judgment reinstated, with costs.